**William S. DURHAM, Administrator of, and T. T. Lawson, Ancillary Administrator of, the Estate of Cynthia Anna Durham, Deceased, Plaintiffs,**

v.

**Michael F. FITZHARRIS, Defendant.**
**No. 65-C-25-L.**

United States District Court
W. D. Virginia,
Lynchburg Division.
June 26, 1967.

John L. Walker, Jr., of Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., and Julius W. McKay, of McKay, McKay, Black & Walker, Columbia, S. C., for plaintiffs.

S. D. Roberts Moore, of Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW.

### STATEMENT OF THE CASE.

BARKSDALE, District Judge.

This is a diversity action instituted by her administrators for the death by wrongful act of Cynthia Anna Durham against Michael F. Fitzharris. On October 18, 1966, this action was tried with a jury, and resulted in a mistrial by reason of the failure of the jury to agree upon a verdict. By stipulation of the parties, by counsel, of May 23, 1967, this action has now been submitted to the undersigned for decision without a jury upon the transcript of the evidence, exhibits and record of the first trial of this case, and a diagram of the scene of the accident by the State trooper who investigated the accident, the parties reserving all objections made in the trial to the admissibility of evidence and the court's rulings of law on any and all questions. Upon this submission, the court makes the following findings of fact and states separately its conclusions of law, and directs the entry of the proper judgment:

### FINDINGS OF FACT.

The fatal accident which is the basis of this action took place near Lexington, Virginia, in Rockbridge County, on Sunday, April 21, 1963, at about 6:25 P.M., when the Austin-Healey Convertible belonging to Michael Fitzharris of Wilmington, Delaware, left the highway, turned over at least once, and resulted in the death of Cynthia Durham of Charleston, S. C., then a student at Mary Baldwin College, and injuries to Fitzharris so serious that he remembers

nothing about the accident or the ride which preceded it. It was daylight and the roads were dry.

Beginning Friday afternoon, April 19, 1963, Fitzharris, who was not a student or alumnus of Washington & Lee University, had been attending the Washington & Lee Spring Week End, as the guest of a friend who was a student and who had arranged for him a "blind date" with one Susan Sansbury, then a student at Sweet Briar College. Cynthia Durham also attended the week end activities. The Spring Week End was a traditional week end at Washington & Lee, and was "just a series of parties from Friday to Sunday." There were concerts, combo parties at fraternity houses, gatherings in students' apartments, dancing and drinking, until the early hours of the morning. The week end festivities ended with a big party beginning early Sunday afternoon in the Moose Lodge, about a mile from Lexington, given by several fraternities. Fitzharris and his "blind date", Susan Sansbury, went to the Moose Lodge party together, Fitzharris driving his own car, as he did at all times when the two of them went out together. Cynthia Durham also attended the Moose Lodge party, although it does not appear with whom she came. There was a large crowd at the Moose Lodge party, a combo was there, and there was drinking. As Susan Sansbury put it, "Mr. Fitzharris, as a guest, brought his own liquor, but at this particular party I think Mr. Fitzharris was using bourbon supplied by Mr. Jeff Mennen", which was very fine whiskey, of which she also had a drink. Although he was drinking at the Moose Lodge party, the evidence does not disclose how many drinks he had, although it does show that Fitzharris, prior to leaving the Moose Lodge, showed no ill effects from the whiskey he had drunk.

The evidence does not disclose how nor when Michael Fitzharris and Cynthia Durham left the party at the Moose Lodge for a drive, but from the circumstances I find as a fact they did so leave and proceeded west on Route 251 until they came to the crest of a hill, four-tenths of a mile west of the scene of the accident. There, the Austin-Healey turned around and proceeded back east on Route 251 toward the Moose Lodge. Shortly after the turn around, the Austin-Healey, coming downgrade, passed another car going in the opposite direction traveling at that time "about 45 or 50 or 60" miles per hour and accelerating, "was picking up speed, just opening it up". At the bottom of the hill the Austin-Healey was traveling 65 or 70 miles per hour and "rocking up and down". It was approaching a curve to the left on Route 251 just before Route 764 converges with Route 251. For one traveling west on Route 251 up the hill and away from the scene of the accident, the speed limit was fifty five miles per hour. However, for a car traveling east as the Austin-Healey was traveling just before the accident, approximately 400 feet west of the curve, there was a highway sign indicating a curve and stating that the maximum speed was thirty miles per hour. The Austin-Healey failed to negotiate the curve, left the highway and traveled, leaving tire marks, 116 feet before turning over and coming to rest 50 feet beyond the end of the tire marks with its rear end in Route 764 and its front end off the highway facing approximately north. As the Austin-Healey left the highway, the tire marks "broadened out". When the Austin-Healey turned over, Fitzharris' body was thrown high in the air, "maybe 15 feet". Immediately after the accident, he was found eighteen feet to the right of the car, which was standing on its wheels, and Cynthia Durham was found thirty six feet to the left of the car.

As a result of the accident, the Austin-Healey was badly damaged on both sides, the windshield was knocked off, and practically all parts of the car were damaged. It had obviously rolled at least one time, and possibly more.

As a result of the accident, Cynthia Durham suffered a fractured dislocation of her neck, there was a large cut across

her neck, multiple cuts of the face and scalp, a few minor lacerations and cuts on the hand, and a few minor scratches or superficial cuts on the chest, but no severe injury of the chest. She was dead before arrival at the hospital. The nature of Fitzharris' injuries were a crushed chest, dislocated right shoulder, torn ligaments of the knees, but no cuts on his face or neck.

The principal question of fact is whether or not Michael Fitzharris, at the time of the accident, was driving his Austin-Healey car. There were only two occupants, and there is no direct evidence as to which one was driving. However, I find as a fact that Michael Fitzharris, at and before the occurrence of the accident, was driving the car, by reason of the following circumstances: In the first place, the nearly new Austin-Healey sports car, equipped with three carburetors for additional power and speed, belonged to Fitzharris, and it appears that at all known times when the Austin-Healey was being used, Fitzharris drove it. There is no evidence that Cynthia Durham ever drove it. She was not the "date" of Fitzharris at the Moose Lodge party. The nature of the injuries of the two parties seems to me to show almost conclusively that Fitzharris was the driver. His chest was severely crushed and he received no cuts on his face or neck, injuries obviously inflicted by contact with the steering wheel, with no head or facial injuries, showing that his head did not come in contact with the windshield. Cynthia Durham's injuries, dislocation of the neck, a large cut across the neck, cuts on her face and scalp, with only superficial scratches on her chest, clearly indicate that these injuries resulted from her being thrown into the windshield, which would not have occurred had she been behind the steering wheel. The facts, that after the Austin-Healey came to rest Fitzharris, after being thrown high in the air, was found eighteen feet to the right of the car, and Cynthia Durham was found thirty six feet to the left of the car, to me, have no significance. They were both thrown violently from the car which rolled over at least once and came to rest about at right angles to the direction in which it had been traveling. No one knows precisely when nor how they were thrown from the car. There is no evidence that Fitzharris was not driving. In fact, defendant introduced no evidence at all: Fitzharris was called as a witness for the plaintiffs.

I find as a fact that the accident which resulted in the death of Cynthia Durham resulted from the gross negligence of Michael Fitzharris in the operation of his Austin-Healey sports car.

I find as a fact that Cynthia Durham left as her survivors, her father, William S. Durham, her mother, Mrs. Lois T. Durham, a brother, William S. Durham, Jr., and a sister, Lois C. Beiderwell.

I further find that a fair and just assessment of the damages to which these survivors are entitled for the wrongful death of Cynthia A. Durham, is the sum of $20,000.00.

## CONCLUSIONS OF LAW.

From the facts found, I conclude that Michael Fitzharris was the driver of the automobile at the time of the accident which resulted in the death of Cynthia Durham, and therefore liable for damages for her death by wrongful act, if the accident resulted from his gross negligence. I conclude as a matter of law that Michael Fitzharris was guilty of gross negligence under Virginia law, and therefore liable in damages for the death of Cynthia Durham. I further conclude, as a matter of law, that the administrators of Cynthia Durham are entitled to recover of Michael Fitzharris the sum of $20,000.-00 in damages for her death by wrongful act. Since it appears she left as her survivors her father, William S. Durham, her mother, Mrs. Lois T. Durham, a brother, William S. Durham, Jr., and a sister, Lois C. Beiderwell, and it seems proper to do so, the judgment order will direct that one fourth of the award be paid to each of the survivors.